1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   RUBEN CHAVARRIA,                    )   Civil No. 11cv00008 IEG(RBB)
                                         )
12                   Petitioner,         )   **REPORT AND RECOMMENDATION**
                                         )   **GRANTING MOTION TO DISMISS**
13   v.                                  )   **FIRST AMENDED PETITION FOR**
                                         )   **WRIT OF HABEAS CORPUS BASED ON**
14   MATTHEW CATE et al.,                )   **UNTIMELINESS [ECF No. 11]**
                                         )
15                   Respondent.         )
     _____ )

16

17        Petitioner Ruben Chavarria, a state prisoner proceeding pro se

18   and in forma pauperis, submitted a Petition for Writ of Habeas

19   Corpus on December 25, 2010, pursuant to 28 U.S.C. § 2254 [ECF Nos.

20   1, 3].  On January 7, 2011, the Court dismissed the Petition

21   without prejudice for failing to name a proper respondent and for

22   failing to allege exhaustion of state judicial remedies [ECF No.

23   3].  On January 28, 2011, Chavarria's First Amended Petition for

24   Writ of Habeas Corpus was filed, and the case was reopened [ECF

25   Nos. 6-7].  In the Amended Petition, Chavarria argues that his

26   sentence enhancements were illegally imposed, in violation of the

27   rule announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

28   (Am. Pet. 6, ECF No. 6.)

1    On March 14, 2011, Kelly Harrington, the former warden,

2    attempted to file a Motion to Dismiss Petition for Writ of Habeas

3    Corpus Based on Untimeliness, along with a Notice of Lodgment [ECF

4    No. 9].  The Court struck the Motion and attachments because of

5    several deficiencies [ECF No. 10].  First, the Motion did not

6    address the First Amended Petition, which is the operative

7    pleading.  (Mins., Mar. 16, 2011, ECF No. 10.)  Second, the deputy

8    attorney general did not file the Motion in compliance with Civil

9    Local Rule 7.1(f)(1).  (Id.)  Third, Chavarria had properly named

10   the current warden of Kern Valley State Prison, Warden Biter, as a

11   Respondent in the First Amended Petition.  (Id. (citing First Am.

12   Pet. 1, ECF No. 6).)

13   These errors were corrected, and Warden Biter filed a Motion

14   to Dismiss First Amended Petition for Writ of Habeas Corpus Based

15   on Untimeliness on March 17, 2011, along with a Notice of Motion

16   and a Memorandum of Points and Authorities [ECF No. 11].[1]  To date,

17   the Petitioner has not filed an opposition.

18   The Court finds the Motion to Dismiss suitable for resolution

19   on the papers, pursuant to Civil Local Rule 7.1(d)(1).  See S.D.

20   Cal. Civ. R. 7.1(d)(1).  The Court has reviewed the Amended

21   Petition as well as Respondent's Motion to Dismiss and attachments.

22   For the reasons stated below, the Motion to Dismiss should be

23   **GRANTED.**

24   **I.   FACTUAL AND PROCEDURAL BACKGROUND**

25   On May 7, 2007, the San Diego County District Attorney filed

26   an amended information charging Chavarria with evading an officer

27

28   [1]   Although the Notice of Lodgment has not been filed,
Respondent has lodged with the Court all records bearing on
Respondent's contention.

1   causing serious bodily injury, driving under the influence of

2   alcohol causing injury, driving with a measurable blood alcohol,

3   and driving when privilege was suspended or revoked.  (Lodgment No.

4   1, Clerk's Tr. vol. 1, 8-11, May 7, 2007 (am. information).)  The

5   information also accused Petitioner of having a prior prison term

6   conviction, a prior serious felony conviction, and one prior strike

7   conviction.  (Id.)

8        On May 30, 2007, Chavarria entered into a plea agreement in

9   which he pleaded guilty to evading an officer and driving under the

10  influence of alcohol causing injury, and he admitted having a

11  prison conviction and a prior serious felony conviction.  (Id. at

12  12, May 30, 2007 (plea of guilty).)  Chavarria agreed to be

13  sentenced to twelve years and four months in state prison in

14  exchange for the dismissal of the remaining charges.  (Id.)  On

15  August 21, 2007, he was sentenced.  (See id. at 63, Aug. 27, 2007

16  (notice of appeal).)

17       Chavarria filed a notice of appeal on August 27, 2007, but

18  abandoned it seven months later.  (Id.; Lodgment No. 2, People v.

19  Chavarria, No. D051606 (Cal. Ct. App. filed Mar. 25, 2008)

20  (abandonment of appeal at 1).)  On March 24, 2008, the California

21  Court of Appeal for the Fourth District, Division One, ordered that

22  the appeal be dismissed and the remittitur be issued immediately.

23  (Lodgment No. 3, People v. Chavarria, No. D051606, slip op. at 1

24  (Cal. Ct. App. Mar. 24, 2008).)  The remittitur was issued the same

25  day.  (Lodgment No. 4, People v. Chavarria, No. D051606 (Cal. Ct.

26  App. Mar. 24, 2008) (remittitur).)  There is no record that

27  Chavarria filed any petition for a writ of habeas corpus with the

28  San Diego Superior Court or the California Supreme Court, prior to

1   filing his federal Petition.  (Lodgment No. 5, Declaration of Manny

2   Martinez at 1; Lodgment No. 6, http://appellatecases.

3   courtinfo.ca.gov (select "Supreme Court"; then search by party).)

4        Chavarria filed this Petition for Writ of Habeas Corpus on

5   January 3, 2011 [ECF No. 1].  Twenty-eight days later, on January

6   31, 2011, he filed a habeas petition with the California Court of

7   Appeal.  (Lodgment No. 7, <u>Chavarria v. Cate</u>, No. D059057 (Cal. Ct.

8   App. filed Jan. 31, 2011) (petition for writ of habeas corpus).)

9   His state petition was summarily denied on March 2, 2011.  <u>See</u>

10  http://appellatecases.courtinfo.ca.gov (select "Appellate District,

11  Fourth Appellate District Div 1"; enter court of appeal case

12  number, then "Disposition."

13                    **II.   STANDARD OF REVIEW**

14       Chavarria is subject to the Antiterrorism and Effective Death

15  Penalty Act (AEDPA) of 1996 because he filed his Petition after

16  April 24, 1996.  28 U.S.C.A. § 2244 (West 2006); <u>Woodford v.</u>

17  <u>Garceau</u>, 538 U.S. 202, 204 (2003) (citing <u>Lindh v. Murphy</u>, 521 U.S.

18  320, 326 (1997)).  AEDPA sets forth the scope of review for federal

19  habeas corpus claims:

20            The Supreme Court, a justice thereof, a circuit
          judge, or a district court shall entertain an
21        application for a writ of habeas corpus in behalf of a
          person in custody pursuant to the judgment of a State
22        court only on the ground that he is in custody in
          violation of the Constitution or laws of the United
23        States.

24  28 U.S.C.A. § 2254(a) (West 2006); <u>see also</u> <u>Reed v. Farley</u>, 512

25  U.S. 339, 347 (1994); <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th

26  Cir. 1991).

27       To present a cognizable federal habeas corpus claim, a state

28  prisoner must allege his conviction was obtained in violation of

                                  4

the Constitution or laws of the United States.  28 U.S.C.A. §
2254(a).  In other words, a petitioner must contend that the state
court violated his federal constitutional rights.  <u>Hernandez</u>, 930
F.2d at 719; <u>Jackson v. Ylst</u>, 921 F.2d 882, 885 (9th Cir. 1990);
<u>Mannhald v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988).

A federal district court does "not sit as a 'super' state
supreme court" with general supervisory authority over the proper
application of state law.  <u>Smith v. McCotter</u>, 786 F.2d 697, 700
(5th Cir. 1986); <u>see also</u> <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780
(1990) (holding that federal habeas courts must respect state
court's application of state law); <u>Jackson</u>, 921 F.2d at 885
(concluding that federal courts have no authority to review a
state's application of its law).  Federal courts may grant habeas
relief only to correct errors of federal constitutional magnitude.
<u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1399 (9th Cir. 1989).

In 1996, Congress "worked substantial changes to the law of
habeas corpus." <u>Moore v. Calderon</u>, 108 F.3d 261, 263 (9th Cir.
1997).  Amended section 2254(d) now reads:

> An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the judgement
> of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim
> --
>
> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the state court
> proceeding.

28 U.S.C.A. § 2254(d).

In <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003), the Supreme Court stated, "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under section 2254(d)(1) -- whether a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law." <u>Id.</u> at 71 (citation omitted).  A federal court is therefore not required to review the state court decision de novo, but may proceed directly to the reasonableness analysis under § 2254(d)(1).  <u>Id.</u>

The "novelty" in § 2254(d)(1) is "the reference to 'Federal law, as determined by the Supreme Court of the United States.'" <u>Lindh v. Murphy</u>, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), <u>rev'd on other grounds</u>, 521 U.S. 320 (1997) (emphasis in original deleted).  Section 2254(d)(1) "explicitly identifies only the Supreme Court as the font of 'clearly established' rules." <u>Id.</u> "[A] state court decision may not be overturned on habeas corpus review, for example, because of a conflict with Ninth Circuit-based law." <u>Moore</u>, 108 F.3d at 264.  "[A] writ may issue only when the state court decision is 'contrary to, or involved an unreasonable application of,' an authoritative decision of the Supreme Court." <u>Id.</u> (citing <u>Childress v. Johnson</u>, 103 F.3d 1221, 1224-26 (5th Cir. 1997); <u>Devin v. DeTella</u>, 101 F.3d 1206, 1208 (7th Cir. 1996)); <u>see</u> <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996).

Furthermore, with respect to the factual findings of the trial court, AEDPA provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court, a determination of a

factual issue made by a State court shall be presumed to
be correct.  The applicant shall have the burden of
rebutting the presumption of correctness by clear and
convincing evidence.

28 U.S.C.A. § 2254(e)(1).

### III.  DISCUSSION

Chavarria claims that in light of <u>Apprendi</u>, 530 U.S. 466, the
superior court judge wrongfully relied on facts that were not
proven to a jury when he imposed an upper-term sentence.  (Am. Pet.
6, ECF No. 6.)  In his original Petition, Chavarria argued that in
<u>Apprendi</u>, the Supreme Court held that any fact increasing the
penalty for a crime beyond the statutory maximum must be submitted
to the jury and proven beyond a reasonable doubt.  (Pet. 13 (citing
<u>Apprendi</u>, 530 U.S. 466, ECF No. 1).)[2]

Respondent Biter moves to dismiss the Amended Petition because
Chavarria's claim is barred by the statute of limitations set forth
in 28 § U.S.C. 2244(d).  (Mot. Dismiss Attach. #2 Mem. P. & A. 4,
ECF No. 11.)  Biter contends that AEDPA's one-year limitations
period commenced on October 20, 2007, giving Petitioner until
October 19, 2008, to file his federal petition, which he did not
file until December 28, 2010.  (<u>Id.</u>)[3]  Because neither statutory
nor equitable tolling applies to this case, Respondent asserts the

---

[2]  Page thirteen from Chavarria's original Petition was not
included in his Amended Petition, but presumably, he intends to
make the same argument.  (<u>Compare</u> Pet. 1-13, ECF No. 1, <u>with</u> Am.
Pet. 1-13, ECF No. 6.)  Because the original Petition is not
consecutively paginated, the Court will cite to it using the page
numbers assigned by the electronic case filing system.

[3]  Respondent clarifies that although Chavarria filed his
Petition on January 3, 2011, he should be deemed to have filed it
seven days prior, on December 28, 2010, pursuant to the mailbox
rule.  (<u>Id.</u>)

1   Amended Petition should be dismissed with prejudice.  (Id. at 6-8;

2   see id. Attach. #1 Notice Mot. Dismiss 2.)

3       The Petitioner did not file an opposition to Respondent's

4   Motion to Dismiss.  Although Civil Local Rule 7.1(f) provides that

5   the failure to oppose a motion may constitute consent to granting

6   the motion, this Court will evaluate the merits of Respondent's

7   arguments.  S.D. Cal. Civ. R. 7.1(f)(3)(c).

8   **A.    The One-Year Statute of Limitations**

9       Biter maintains that the time period for Chavarria to seek

10  direct review of his conviction was sixty days after the state

11  superior court proceedings ended.  (Mot. Dismiss Attach. #2 Mem. P.

12  & A. 4, ECF No. 11 (citing Cal. R. Ct. 8.308(a)).)  Because

13  Petitioner filed an appeal and abandoned it, Biter argues that

14  Chavarria failed to appeal the judgment within sixty days.  (Id.)

15  Thus, the conviction became final on October 20, 2007, sixty days

16  after the August 21, 2007 sentencing.  (Id.)  Biter argues that

17  Chavarria had until October 19, 2008, to file a federal habeas

18  petition, but he did not do so until December 28, 2010.  (Id.)

19  Respondent concludes that Petitioner's Apprendi claim is time

20  barred because he did not seek federal habeas review until more

21  than two years after the one-year statute of limitations had

22  expired.  (Id.)

23      The statute of limitations for federal habeas corpus petitions

24  is set forth in AEDPA.  As amended, § 2244(d) provides:

25          (1) A 1-year period of limitation shall apply to an
            application for a writ of habeas corpus by a person in
26          custody pursuant to the judgment of a State court.  The
            limitation period shall run from the latest of --

27

28          (A) the date on which the judgment became final by
            the conclusion of direct review or the expiration of
            the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1).

When computing any time period indicated in a statute that does not specify a method of computing time, courts are to apply the guidelines of Federal Rule of Civil Procedure 6. See Fed. R. Civ. P. 6(a); see also Civil Local Rule 7.1(c) (applying Federal Rule of Civil Procedure 6 for all computation of time). When a statute's time period is stated in days, the first day of the event that triggers the period is excluded. Fed. R. Civ. P. 6(a)(1)(A).

Chavarria was sentenced on August 21, 2007. (Lodgment No. 1, Clerk's Tr. vol. 1, 63 (notice of appeal).) He sought direct review on August 27, 2007, and later abandoned the appeal. (Id.; Lodgment No. 2, People v. Chavarria, No. D051606 (abandonment of appeal at 1).) On March 24, 2008, the appellate court ordered that Chavarria's appeal be dismissed, and the remittitur was issued. (Lodgment No. 3, People v. Chavarria, No. D051606, slip op. at 1; Lodgment No. 4, People v. Chavarria, No. D051606 (remittitur).)

Under AEDPA, the statute of limitations begins to run the date the judgment became final, which is the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C.A. § 2244(d)(1). California Rule of Court 8.308 provides, "[A] notice

of appeal . . . must be filed within 60 days after the rendition of
the judgment or the making of the order being appealed." Cal. R.
Ct. 8.308(a). An appellant may abandon an appeal at any time by
filing an abandonment of the appeal. Id. at 8.316(a). If an
appellant abandons the appeal, "[t]he reviewing court may dismiss
the appeal and direct immediate issuance of the remittitur." Id.
at 8.316(b)(2). An appeal that is dismissed "on request or
stipulation" becomes final upon the filing of that dismissal. Id.
at 8.264(b)(2); see also Smith v. Herndon, No. 1:09-cv-00386-JLT
HC, 2010 U.S. Dist. LEXIS 20993, at *7 (E.D. Cal. Feb. 12, 2010).
"[T]his is the chronology for most cases in which a petitioner does
not proceed to the California Supreme Court in his direct review."
Smith, 2010 U.S. Dist. LEXIS 20993, at *7 (computing AEDPA's one-
year limitation period under § 2244(d)(1)(A) from the date of
petitioner's abandoned appeal in state court).

     Chavarria was sentenced on August 21, 2007. (Lodgment No. 1,
Clerk's Tr. vol. 1, 63 (notice of appeal).) He initiated his
direct appeal in the California Court of Appeal on August 27, 2007,
but he abandoned the appeal and the appellate court properly
dismissed it on March 24, 2008. (Lodgment No. 2, People v.
Chavarria, No. D051606 (abandonment of appeal at 1).) The
appellate court's order following Chavarria's abandonment indicated
that "the remittitur is ordered to issue immediately[,]" and the
remittitur stated that the "opinion or decision has now become
final." (Lodgment No. 3, People v. Chavarria, No. D051606, slip
op. at 1; Lodgment No. 4, People v. Chavarria, No. D051606
(remittitur).) This judgment became final on March 24, 2008, the

1   date the appeal was dismissed.  See 28 U.S.C.A. § 2244(d)(1);

2   Smith, 2010 U.S. Dist. LEXIS 20993, at *7.

3        Once the court of appeal decision becomes final, a petition

4   for review with the California Supreme Court must be filed within

5   ten days.  Cal. R. Ct. 8.500(e)(1).  This ten-day period commenced

6   on March 25, 2008, and expired on April 3, 2008.  See id.; see also

7   Smith, 2010 U.S. Dist. LEXIS 20993, at *7.  For purposes of AEDPA,

8   Chavarria's judgment became final on April 3, 2008.  Accordingly,

9   the one-year statute of limitation period commenced on April 4,

10  2008, and expired on April 3, 2009.  See Fed. R. Civ. P.

11  6(a)(1)(A).

12       Chavarria did not file his federal Petition until January 3,

13  2011.  Unless he is entitled to either statutory or equitable

14  tolling, his federal Petition is untimely and should be dismissed.

15       **1.   Statutory Tolling**

16       A state prisoner in a federal habeas action must exhaust his

17  federal claims in state courts by "invoking one complete round of

18  the State's established appellate review process" before bringing

19  the claims in a federal habeas petition.  O'Sullivan v. Boerckel,

20  626 U.S. 838, 845 (1999).  The petitioner must have "'fairly

21  present[ed]' his claim in each appropriate state court[,] . . .

22  thereby alerting that court to the federal nature of the claim."

23  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added).

24       The statute of limitations period under AEDPA is tolled during

25  periods in which a petitioner is properly seeking collateral review

26  of a pending state court judgment.  Specifically, 28 U.S.C. §

27  2244(d) states, "The time during which a properly filed application

28  for State post-conviction or other collateral review with respect

1  to the pertinent judgment or claim is pending shall not be counted

2  toward any period of limitation under this subsection."  28

3  U.S.C.A. § 2244(d)(2); see also Pace v. DiGuglielmo, 544 U.S. 408,

4  410 (2005).  "[A]n application is 'properly filed' when its

5  delivery and acceptance are in compliance with the applicable laws

6  and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8

7  (2000) (explaining that typical filing requirements include all

8  relevant time limits).  "When a postconviction petition is untimely

9  under state law, 'that [is] the end of the matter' for purposes of

10 § 2244(d)(2)." Pace, 544 U.S. at 414 (quoting Carey v. Saffold,

11 536 U.S. 214, 226 (2002)); see also Zepeda v. Walker, 581 F.3d

12 1013, 1018 (9th Cir. 2009).

13     The interval between the disposition of one state petition and

14 the filing of another may be tolled under "interval tolling."

15 Carey, 536 U.S. at 223.  "[T]he AEDPA statute of limitations is

16 tolled for 'all of the time during which a state prisoner is

17 attempting, through proper use of state court procedures, to

18 exhaust state court remedies with regard to a particular post-

19 conviction application.'" Nino v. Galaza, 183 F.3d 1003, 1006 (9th

20 Cir. 1999) (quoting Barnett v. Lamaster, 167 F.3d 1321, 1323 (10th

21 Cir. 1999)); see also Carey, 536 U.S. at 219-22.  The statute of

22 limitations is tolled from the time a petitioner's first state

23 habeas petition is filed until state collateral review is

24 concluded, but it is not tolled before the first state collateral

25 challenge is filed.  Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir.

26 2007) (citing Nino, 183 F.3d at 1006).

27     Biter argues that Chavarria is not entitled to statutory

28 tolling of the limitation period.  (Mot. Dismiss Attach. #3 Mem. P.

1  & A. 5, ECF No. 11.)  Although the Petitioner claims he filed a

2  state habeas petition in the superior court that was denied on

3  September 21, 2010, Respondent asserts there is no such habeas

4  petition in state court records.  (Id. at 5.)  Biter submits the

5  declaration of Manny Martinez, a court operations clerk for the San

6  Diego Superior Court, who searched the court's computer database

7  and found no record of a petition for writ of habeas corpus filed

8  by Chavarria under his name or under the case number in the court's

9  data system (SCD204457).  (Lodgment No. 5, Declaration of Manny

10 Martinez at 1.)

11     Respondent maintains that even if Chavarria had properly filed

12 a state habeas petition that was denied on September 21, 2010, the

13 petition would have necessarily been filed in 2010.  (Mot. Dismiss

14 Attach. #3 Mem. P. & A. 5, ECF No. 11.)  Assuming the superior

15 court petition was filed on January 1, 2010, giving Chavarria the

16 benefit of the doubt, Biter asserts that it would still have been

17 well beyond the time limitation.  (Id.)

18     Next, Respondent argues that although Petitioner states he

19 mailed a habeas petition to the California Supreme Court on October

20 25, 2010, Chavarria provides no case number, and there is no record

21 of any petition under Chavarria's name in the court's database.

22 (Mot. Dismiss Attach. #3 Mem. P. & A. 5, ECF No. 11.)  Assuming he

23 mailed a habeas petition to the state supreme court on October 25,

24 2010, Respondent contends that the petition would still have been

25 filed beyond the October 19, 2008 time limitation.  (Id.)

26     Biter acknowledges that Chavarria filed a state habeas

27 petition with the California Court of Appeal, but it was not filed

28 until January 20, 2011, which was after he filed this federal

1    Petition.  (Id. at 6.)  The Respondent argues that none of these

2    scenarios justifies statutory tolling because once the statute of

3    limitations has expired, a collateral action cannot revive it.

4    (Id. at 5 (citing Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.

5    2001)).)

6        The statute of limitations in this case expired on April 3,

7    2009.  On January 3, 2011, one year and nine months beyond the

8    expiration of the statute of limitations, Chavarria filed this

9    federal Petition for Writ of Habeas Corpus.  (Pet. 1, ECF No. 1.)

10   His claims are therefore barred by AEDPA's statute of limitations.

11       Even if the Court were to accept Petitioner's recitation of

12   the procedural history, the result is the same.  In his Amended

13   Petition, Chavarria asserts he filed a "Motion for Resentencing" in

14   the San Diego Superior Court, case number SCD204457.  (Am. Pet. 3,

15   ECF No. 6.)  He submits that he raised his claim under Apprendi,

16   530 U.S. 466, and his motion was denied on September 21, 2010.

17   (Id.)  Chavarria further states that on October 19, 2010, he mailed

18   a "Motion for Resentencing" to the California Court of Appeal,

19   advancing his Apprendi claim, but he is still awaiting a decision.

20   (Id. at 4.)  Finally, the Petitioner alleges that on October 25,

21   2010, he mailed a "Motion for Resentencing" to the California

22   Supreme Court raising the same grounds, but there has been "no

23   decision yet."  (Id.)  Later in his pleading, Chavarria

24   characterizes his motion for resentencing as a "habeas corpus"

25   proceeding in the California Supreme Court.  (Id. at 6.)  The

26   Petitioner attaches the Kern Valley State Prison - Incoming/

27   Outgoing Legal Mail Record reflecting that on October 19, 2010, he

28   had out-going mail to the California Court of Appeal, Fourth

14

1   Appellate District, and on October 25, 2010, he sent mail to the
2   California Supreme Court.  (Id. at 13.)

3        Chavarria's original Petition sheds light on the procedural
4   history.  There, he attached a copy of his motion for resentencing
5   and modification as well as a copy of the superior court's
6   September 21, 2010 order.  (Pet. 13-15, ECF No. 1.)  In that order,
7   Superior Court Judge Charles G. Rogers noted that on September 3,
8   2010, Chavarria filed "an ex parte motion asking that the court
9   'remove' certain of the consecutive terms and enhancements and
10  resentence him to a total term of three years."  (Id. at 15.)  In
11  his Amended Petition, Chavarria attempts to incorporate exhibits by
12  reference by stating, "(see attached motion) filed on 1-3-2011[,]"
13  which he neglected to attach.  (See Am. Pet. 6, ECF No. 6; see also
14  Pet. 1, 13-15, ECF No. 1.)

15       Assuming Chavarria's ex parte motion could constitute a
16  petition for state collateral relief, it cannot revive a statute of
17  limitations that expired on April 3, 2009.  The superior court
18  motion was not filed until September 3, 2010, one and one-half
19  years after the limitations period ended.  See Pace, 544 U.S. at
20  417; see also Jiminez, 276 F.3d at 482; Green v. White, 223 F.3d
21  1001, 1003 (9th Cir. 2000).  Consequently, statutory tolling does
22  not save Chavarria's federal Petition.

23       **2.   Equitable Tolling**

24       Equitable tolling of the statute of limitations is appropriate
25  when "'extraordinary circumstances beyond a prisoner's control make
26  it impossible'" to file a timely petition.  Spitsyn v. Moore, 345
27  F.3d 796, 799 (9th Cir. 2003) (quoting Brambles v. Duncan, 330 F.3d
28  1197, 1202 (9th Cir. 2003)); see also Stillman v. LaMarque, 319

F.3d 1199, 1202 (9th Cir. 2003).  "[A] litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  <u>Pace</u>, 544 U.S. at 418 (citations omitted); <u>see also</u> <u>Lawrence v. Florida</u>, 549 U.S. 327, 335 (2007); <u>Rouse v. U.S. Dep't of State</u>, 548 F.3d 871, 878-79 (9th Cir. 2008); <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir. 2005).

"'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000). The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence.  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'"  <u>Spitsyn</u>, 345 F.3d at 799 (quoting <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001)).

Respondent Biter argues that Chavarria's Amended Petition provides no basis to invoke equitable tolling.  (Mot. Dismiss Attach. #2 Mem. P. & A. 7, ECF No. 11.)  According to Biter, Chavarria's claim that he was recently informed of <u>Apprendi</u> is insufficient.  (<u>Id.</u>)  "<u>Apprendi</u> was in existence since 2000 and Chavarria could have discovered that case at the time of his plea. Moreover, Chavarria knew of the factual predicate at the time of his plea."  (<u>Id.</u>)  Respondent additionally contends that <u>Apprendi</u> is substantively inapplicable because Petitioner entered a guilty plea and admitted having a prior serious felony and strike.  (<u>Id.</u>)

16

1  Biter argues that Apprendi expressly held that the right to trial
2  by jury for facts increasing the sentence beyond the statutory
3  maximum does not apply to the fact of a prior conviction.  (Id.)
4  "Here, what Chavarria is complaining about is that he had a right
5  to a jury trial on his prior convictions.  He does not." (Id. at
6  7-8.)

7       Next, the Respondent notes that in the recent habeas petition
8  he submitted to the California Court of Appeal, Chavarria states
9  that he is mentally disabled.  (Id. at 8 (citing Lodgment No. 7,
10 Chavarria v. Cate, No. D059057 (petition for writ of habeas corpus
11 at 6)).)  Biter asserts this allegation does not help Chavarria
12 because Petitioner filed that state petition with the help of an
13 aid.  (Id.)  "Therefore, his mentally [sic] disability was not the
14 cause of delay and he is not entitled to equitable tolling since he
15 could, and, in fact, did file a habeas petition." (Id.)
16 Furthermore, the Petitioner has not described his mental
17 disability, when it occurred, and how it prevented him from filing
18 a timely federal petition.  (Id.)

19      The allegations raised in Chavarria's pending state habeas
20 petition to the California Court of Appeal, which was filed after
21 his federal Petition, do not make a case for equitable tolling.  In
22 that petition, Chavarria contends that he was "just recently
23 informed" of the Apprendi decision, which he believes establishes
24 that his sentence enhancements were illegally imposed.  (Lodgment
25 No. 7, Chavarria v. Cate, No. D059057 (petition for writ of habeas
26 corpus at 5).)

27      Apprendi was decided on June 25, 2000, seven years before
28 Chavarria pleaded guilty on May 30, 2007.  (Lodgment No. 1, Clerk's

1  Tr. vol. 1, 12 (plea of guilty).)  "[A] pro se petitioner's
2  confusion or ignorance of the law is not, itself, a circumstance
3  warranting equitable tolling." <u>Waldron-Ramsey v. Pacholke</u>, 556
4  F.3d 1008, 1013 n.4 (9th Cir. 2009); see <u>Pace</u>, 544 U.S. at 418;
5  <u>Miles</u>, 187 F.3d at 1107 (explaining that the failure to timely file
6  a petition must be due to external forces, not lack of a
7  petitioner's diligence).

8       Moreover, as part of his plea agreement, Chavarria admitted
9  having one strike prior and one serious violence felony prior
10  conviction.  (Lodgment No. 1, Clerk's Tr. vol. 1, 12 (plea of
11  guilty).)  The Respondent correctly observed that in <u>Apprendi</u>, the
12  Supreme Court explicitly held, "<u>Other than the fact of a prior</u>
13  <u>conviction</u>, any fact that increases the penalty for a crime beyond
14  the prescribed statutory maximum must be submitted to a jury, and
15  proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490
16  (emphasis added).  For this additional reason, <u>Apprendi</u> does not
17  affect Chavarria's challenge to the five-year prison term
18  enhancement resulting from his prior conviction.  <u>Id.</u>; (<u>see</u>
19  Lodgment No. 1, Clerk's Tr. vol. 1, 65 (abstract of judgment)).

20       Finally, the reference to a mental impairment in Chavarria's
21  January 20, 2011 state habeas petition adds little to the analysis.
22  (<u>See</u> Lodgment No. 7, <u>Chavarria v. Cate</u>, No. D059057 (petition for
23  writ of habeas corpus at 6).)  The state petition contains the
24  conclusory statement, "I am illiterate in the law and mentally
25  disabled (E.O.P.) 'A.D.A.'" (<u>Id.</u>)  Without more, this allegation
26  does demonstrate that Chavarria has pursued his rights diligently
27  and that some extraordinary circumstance stood in his way.  <u>See</u>
28  <u>Pace</u>, 544 U.S. at 418.

18

The facts in the Amended Petition are insufficient to justify the application of equitable tolling.  Chavarria has not opposed Respondent's Motion to Dismiss and has not produced additional facts showing that equitable tolling is appropriate.  He has not met his burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way.  Pace, 544 U.S. at 418 (citations omitted).  Thus, there is no basis to equitably toll AEDPA's statute of limitations.  See id.

## IV.  CONCLUSION

For the reasons set forth above, Chavarria did not file his Petition for Writ of Habeas Corpus within AEDPA's one-year statute of limitations.  The Petitioner is not entitled to either statutory or equitable tolling.  Accordingly, Respondent's Motion to Dismiss should be **GRANTED**.

This Report and Recommendation will be submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C.A. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before September 16, 2011.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before September 30, 2011.  The parties are advised that failure to file objections

19

1  within the specified time may waive the right to appeal the

2  district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th

3  Cir. 1991).

4  Dated:  August 12, 2011

_____
5                                  RUBEN B. BROOKS
                                   United States Magistrate Judge

6  cc:  Judge Gonzalez
        All parties of record

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28